AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| | ) Case No. |
| Anthony L. Talley (date of birth in 1975) currently incarcerated at Madison Correctional Institution, 1851 OH-56, London, Ohio 43140 | ) ) ) |

3:20 mj 080

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The person of Anthony L. Talley (date of birth in 1975) currently incarcerated at Madison Correctional Institution, 1851 OH-56, London, Ohio 43140

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

DNA samples, which will be obtained by placing cotton swab insides the mouth of Anthony L. Talley and then rubbing the inside of his cheeks to obtain cellular material

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 922(g)(1) | felon in possession of a firearm |
| 18 USC s. 924(c) | possession of a firearm in furtherance |
| 21 USC s. 841/21 USC s. 846 | possession with intent to distribute controlled substances/conspiracy |

The application is based on these facts:
Attached Affidavit of Frederick D. Zollers

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Frederick D. Zollers, TFO of the FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/18/20

*Judge's signature*

City and state:  Dayton, Ohio

Michael J. Newman, US Magistrate Judge
*Printed name and title*

AFFIDAVIT

1. I, Frederick D. Zollers, a Federal Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI), United States Department of Justice, am hereinafter referred to as Affiant.

2. Affiant is a sworn law enforcement officer in the State of Ohio and has been employed by the Montgomery County Ohio Sheriff's Office for the past fourteen years.  Your Affiant is currently a deputized TFO assigned to the FBI's Southern Ohio Safe Streets Task Force (SOSSTF), Dayton Resident Agency and has served in that capacity since November 2014.  Your Affiant is familiar with federal criminal laws including, but not limited to, federal drug trafficking and firearm offenses.

3. This Affidavit is in support of:

   a.  a search warrant for the following electronic devices as their probable cause to believe that evidence of crimes, including violations of: 18 U.S.C. § 922(g)(1) (felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances), exists and can be found on these electronic devices, all of which are presently located in law enforcement custody within Montgomery County, Ohio:

   (1)  Silver Samsung cell phone, IMEI: 355865104783821 (Smith)

   (2)  Black Motorola cell phone, Model: XT1952-4 (Smith)

   (3)  Black Motorola cell phone, IME: 352193101234745 (Talley)

   (4)  Silver/Gold Moto cell phone, IMEI: 355674088674364 (Talley)\

   These items are more fully described in Attachment A.  The items to be seized from these items is more fully described in Attachment B, which is incorporated by reference.

b.     a search warrant to obtain a Deoxyribonucleic Acid (DNA) sample from the person of Antwaun L. Smith (date of birth of 08/29/1977) currently incarcerated at Ross Correctional Institution, 16149 OH-149, Chillicothe, Ohio 45601 as this DNA sample may constitute evidence of violations of 18 U.S.C. § 922(g) (felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances); and

c.     a search warrant to obtain a Deoxyribonucleic Acid (DNA) sample from the person of Anthony L. Talley (date of birth of 01/30/1975) currently incarcerated at Madison Correctional Institution, 1851 OH-56, London, Ohio 43140, as this DNA sample may constitute evidence of violations of 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances).

d.     The information contained in this Affidavit is based upon an investigation conducted by your Affiant together with information provided by other law enforcement officers knowledgeable of the facts and circumstances involved in this matter. The Affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all the Affiants knowledge about this matter.

## **FACTS SUPPORTING PROBABLE CAUSE**

1. During September 2019, I began investigating Antwaun Smith (hereinafter Smith) and Anthony Talley (hereinafter Talley) for violations of drug trafficking and firearms possession occurring in the Dayton, Ohio area. I received information from a Cooperating Source (hereinafter CS) who provided information regarding Smith and Talley. The CS is considered credible, as the information provided by the CS was able to be corroborated through independent investigation. Smith and Talley are currently on parole through the state of Ohio.

2. On Thursday, September 5, 2019, I and other investigators conducted a surveillance operation. The surveillance operation was supported by Homeland Security Investigations (HSI) aerial surveillance. Investigators conducted surveillance at 2025 Catalpa Drive, 525 Brookside Drive, and 240 Grafton Avenue in the City of Dayton. I identified 2025 Catalpa Drive apartment #2 to be a suspected stash house for Smith and Talley. (The term stash house commonly refers to a residence/structure from which drug dealers distribute and sell drugs or at which they store drugs, U.S. currency, and firearms). Additionally, I identified 525 Brookside Drive apartment #4 to be Smith's suspected residence and 240 Grafton Avenue apartment D to be Talley's suspected residence.

3. At approximately 10:51 a.m., a black Ford F-150 departed from 2025 Catalpa Drive occupied by two white females. The Ford F-150 drove to the AM/PM Market located at 2317 Salem Avenue. At approximately 11:02 a.m., investigators observed Smith exit the front common entrance door of 525 Brookside Drive and depart on a white scooter. Smith drove directly to 2025 Catalpa Drive and parked the scooter behind the apartment building. Smith entered the rear common entrance door of the apartment building. At approximately 11:12 a.m., Smith exited the rear common entrance door and walked to the scooter. Talley was observed standing in the doorway of the rear common entrance door appearing to engage in conversation with Smith. Smith departed on the scooter and Talley disappeared back into the apartment building. Aerial surveillance followed Smith on the scooter. Smith picked up a white female, later identified as Alysen Stewart (hereinafter Stewart) who was walking at the intersection of Auburn Avenue and Salem Avenue.

4. Smith drove to the AM/PM Market and parked the scooter next to the Ford F-150. DPD Officers Mark Orick and Stephen Loyd initiated a traffic stop on Smith as he parked and began to exit from the scooter. When Smith observed DPD Officers Orick and Loyd initiate the traffic stop, Smith immediately ran from the scooter and ran into the AM/PM Market. DPD Officers Orick and Loyd pursued Smith on foot into the AM/PM Market.

DPD Officers Orick and Loyd contacted and detained Smith inside of the AM/PM Market.

5. After Smith ran from DPD Officers into the AM/PM Market, investigators made contact with the females in the parking lot of the AM/PM Market. The driver of the Ford F-150 was identified as Casey Salvador-Hernandez (hereinafter Salvador-Hernandez). The other female passenger was identified as Michelle Gibbons (hereinafter Gibbons). Salvador-Hernandez and Gibbons were both arrested on misdemeanor warrants. Stewart was released from the scene. After Smith was detained, investigators conducted surveillance at 2025 Catalpa Drive and 525 Brookside Drive due to suspecting that Smith's arrest would prompt the transportation and/or destruction of evidence related to Smith, Tally, the suspected stash house, and their suspected residences.

6. After Smith was detained, DPD Officers retraced and searched Smith's path of flight inside of the AM/PM Market. DPD Officers located a loaded Springfield Armory XD-45ACP (serial number XD716761) discarded on an aisle shelf in the area where Smith was detained. I spoke with the store owner and requested to review the recorded footage from the surveillance cameras inside of the AM/PM Market. The store owner provided recorded footage from an interior surveillance camera directly above the entrance doors of the AM/PM Market. I reviewed the recorded footage and observed Smith enter the AM/PM Market and run along the front counter toward the back before turning right into an aisle. I observed as Smith ran his left arm and hand swung freely while his right arm and hand remained still as he held it against his front right waistband area. Based on training and experience, I recognized Smith's behavior while running to be indicative of someone in possession of and concealing a handgun while running. Smith was transported and booked into the Montgomery County Jail on a parole violation. Smith was in possession of two cell phones (silver Samsung cell phone IMEI: 355865104783821 and black Motorola model: XT1952-4) and $860.00 U.S. currency.

7. During the course of the investigation at the AM/PM Market, I received information from the aforementioned CS who advised they had recently been inside of 525 Brookside

Drive apartment # 4 and observed multiple firearms and a large quantity of crack cocaine. Additionally, the CS advised Talley was at 2025 Catalpa Drive and there were drugs and a handgun at the apartment. While at the AM/PM Market a female identified as Smith's wife, Mardesia Smith (hereinafter Mardesia) arrived and attempted to speak with Smith while he was detained in the backseat of the DPD cruiser. TFO Zollers spoke with Mardesia and briefly advised her of the investigation involving Smith and his suspected residence at 525 Brookside Drive. Mardesia became uncooperative and departed from the AM/PM Market. Mardesia drove to 525 Brookside Drive and observed investigators standing out front of the apartment building. After speaking with investigators who advised she could not enter her apartment because it was being locked down pending application of a search warrant, she departed and ultimately drove to the area of 2025 Catalpa Drive.

8.  At approximately 11:33 a.m., aerial surveillance observed Mardesia and Stewart running into the rear common entrance door of 2025 Catalpa Drive. At approximately 11:35 a.m., Mardesia, Stewart, and a black male later identified as Robert Patterson (hereinafter Patterson) were observed exiting the rear common entrance door of 2025 Catalpa Drive and quickly walking toward the aforementioned Kia minivan bearing Ohio registration LUVBEAR. Patterson was carrying white plastic bags when he exited the apartment building. Patterson opened the rear driver's side sliding door and placed the white plastic bags in the back before entering the driver's seat. Mardesia entered the front passenger seat and Stewart entered the rear passenger seat. As the Kia minivan began to depart, investigators initiated contact with the occupants of the Kia minivan in the alley behind 2025 Catalpa Drive. Patterson was found to have a loaded RG model 14 revolver (serial number 384538) in his back pants pocket. After Patterson, Mardesia, and Stewart were detained, Detective Humphrey conducted an inventory search of the Kia minivan and located the following but not limited to items; two white plastic bags which contained a loaded Taurus PT92 9mm handgun (serial number TCV91695) and several smaller plastic baggies containing suspected crack cocaine, suspected heroin, suspected marijuana, and an unknown white powder. Additionally, cellphones, a digital scale and $200.00 U.S. currency were seized from inside of the minivan.

9. Talley was detained by DPD Officers while observed walking on Catalpa Drive after investigators made contact with the occupants of the Kia minivan. I later reviewed aerial surveillance footage and observed Talley exit the front common entrance door of 2025 Catalpa Drive as Mardesia, Stewart, and Patterson exit the rear and walk toward the Kia minivan. While detaining Talley and securing his cell phones (black Motorola cell phone IMEI: 352193101234745 and silver/gold Moto cell phone IMEI: 355674088674364), Officer Scott observed a text message on one of Talley's cell phones. Officer Scott advised the text message read something along the lines of "they found my gun, I'm in cuffs." Investigators learned that Smith was in possession of a cell phone after he was secured in the back seat of the DPD cruiser at the AM/PM Market. Upon later reviewing the cruiser's in-car camera, I learned that Smith made several phone calls and used the cell phone up until the point DPD Officers realized Smith still had the cell phone and seized it.

10. Investigators and Adult Parole Authority relocated to 240 Grafton Avenue with Talley and conducted a parole search at the apartment. Investigators located and seized several items to include a loaded Hi-Point model JHP .45 caliber handgun (serial number 426009). Investigators also located and seized a digital scale with suspected drug residue and possessory items in Talley's name. I applied for a search warrant at 525 Brookside Drive apartment #4. Pursuant to a state search warrant authorized by the honorable Montgomery County Common Pleas Court Judge Mary Montgomery, investigators conducted a search of 525 Brookside Drive apartment #4. Investigators located and seized the following items: a digital scale, a loaded Smith & Wesson .380 Bodyguard handgun (serial number KDU5272), marijuana, two (2) magazines and ammunition, miscellaneous ammunition, a plastic bag containing $1,118.00 U.S. currency, and an unlabeled pill bottle containing four (4) unknown pills.

11. All of the handguns excluding the RG revolver removed from Patterson's person, were swabbed for DNA by an MCSO Evidence Technician. All of the evidence was packaged and placed into the MCSO Property Room. The suspected drugs were submitted to the Miami Valley Regional Crime Laboratory (MVRCL) for analysis. Additionally, I

requested the MVRCL swab the baggies of suspected drugs seized from inside the Kia minivan for future comparison of DNA samples.

12. Based on a review of Smith's criminal history, I know Smith was convicted in 2015 in the State of Ohio for Possession of Cocaine and Heroin, an offense which he received a sentence for 18 months and 3 years of concurrent imprisonment. Smith is currently incarcerated on a parole violation at Ross Correctional Institution, 16149 OH-149, Chillicothe, Ohio 45601, which is located in the Southern District of Ohio. Talley is not scheduled to be released until March 2020.

13. Based on a review of Talley's criminal history, I know Talley was convicted in 2011 in the State of Ohio for Possession of Cocaine and Heroin, an offense which he received a sentence of 4 years imprisonment. Talley is currently incarcerated on a parole violation at Madison Correctional Institution, 1851 OH-56, London, Ohio 43140, which is located in the Southern District of Ohio. Talley is not scheduled to be released until March 2020.

14. I subsequently spoke with Special Agent (SA) Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining a firearm's place of manufacture. SA Reed advised that the Springfield Armory XD-45ACP, Taurus PT92 9mm , and the Smith & Wesson .380 Bodyguard were manufactured outside the state of Ohio, thus moved in interstate commerce. Additionally, I know that drug dealers routinely keep firearms to protect themselves, their drugs, and their drug proceeds from robbers and customers.

15. Based on training and experience, the Affiant knows that drug traffickers frequently use cellular phones to carry out their activities. They use cellular phones to communicate with customers, their associates, and their suppliers. It is often common for drug traffickers to have multiple phones because certain phones may be used only for certain purposes. For instance, a trafficker may use one phone just to speak to his supplier, while using a different phone to speak only to his customers. This is a counter-surveillance technique intended to make it harder for law enforcement to identify the user of the

phones and his associates. Traffickers commonly use prepaid cellular phones to hide their identity as the user because they generate no billing information, often require little to no identifying information to activate, can sometimes be activated using an alias, and can be easily disposed of should the trafficker believe that law enforcement has identified the phone number.

16. The Affiant also knows that traffickers commonly text message each other or their customers, such as meeting locations, prices, and other information needed to carry out the sale of drugs (sometimes in code). They commonly store phone numbers for their associates and customers in the electronic phone book/contacts list, often under alias or code names. The Affiant knows that traffickers will sometimes use the cellular phone to take photographs or videos of themselves, their location, their product, their firearms or their associates, which can be electronically stored on the cellular phone. Information can also be downloaded from the internet onto the cellular phone, such as email, social network information (like "Facebook"), travel information like maps or directions, or photographs. Call data, such as missed calls, received calls, or dialed calls are often electronically stored in the cellular phone. The information electronically stored on a phone can also be evidence of who possessed or used a cellular phone at a given time, can contain direct evidence of drug trafficking acts, and can help identify drug trafficking locations or associates. Affiant is aware that there are tools to extract electronic data from a cellular phone so that law enforcement can review it for items of evidentiary value.

17. The Affiant believes that the electronic devices seized from Smith and Talley may contain phone numbers, text messages, and other electronically stored information related to the possession and supply of the above described firearms, suspected drugs, associates, or other evidence of the drug trafficking organization. Therefore, the Affiant requests a search warrant be issued so that investigators can retrieve the electronic data from the phones listed above.

8

18. Based on the foregoing, I believe that there is probable cause to issue

    a.     a search warrant for the following electronic devices as their probable cause to believe that evidence of crimes, including violations of: 18 U.S.C. § 922(g)(1) (felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances), exists and can be found on these electronic devices, all of which are presently located in law enforcement custody within Montgomery County, Ohio:

          (1)    Silver Samsung cell phone, IMEI: 355865104783821 (Smith)

          (2)    Black Motorola cell phone, Model: XT1952-4 (Smith)

          (3)    Black Motorola cell phone, IME: 352193101234745 (Talley)

          (4)    Silver/Gold Moto cell phone, IMEI: 355674088674364 (Talley)

    b.     a search warrant to obtain a Deoxyribonucleic Acid (DNA) sample from the person of Antwaun L. Smith (date of birth of 08/29/1977) currently incarcerated at Ross Correctional Institution, 16149 OH-149, Chillicothe, Ohio 45601 as this DNA sample may constitute evidence of violations of 18 U.S.C. § 922(g) (1)(felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances); and

c.     a search warrant to obtain a Deoxyribonucleic Acid (DNA) sample from the person of Anthony L. Talley (date of birth of 01/30/1975) currently incarcerated at Madison Correctional Institution, 1851 OH-56, London, Ohio 43140, as this DNA sample may constitute evidence of violations of: 18 U.S.C. § 922(g) (1)(felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances).

_____
Frederick D. Zollers
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on February 18, 2020

_____
Honorable Michael Newman
United States Magistrate Judge

**ATTACHMENT A**

**DESCRIPTION OF CELLPHONES TO BE SEARCHED:**

(1)     Silver Samsung cell phone, IMEI: 355865104783821 (Smith)

(2)     Black Motorola cell phone, Model: XT1952-4 (Smith)

(3)     Black Motorola cell phone, IME: 352193101234745 (Talley)

(4)     Silver/Gold Moto cell phone, IMEI: 355674088674364 (Talley)

**ATTACHMENT B**
**ITEMS TO BE SEIZED**

Evidence of a crime—namely, violations of: 18 U.S.C. § 922(g)(1) (felon in possession of firearms); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 21 U.S.C. § 841(a)(1) (possession with intent to distribute and to distribute controlled substances); 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances).  Items to be seized include, but are not limited to, the following documents, digital media, electronic data and records:

1. Call histories, voicemails, contacts or other call logs and information relating to or concerning drug trafficking activity or the sale of illegal drugs including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations; and the use, possession or acquisition of firearms.

2. Text messages, SMS, or other written communications or information concerning or relating to the trafficking or distribution of narcotics, including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations; and and the use, possession or acquisition of firearms.

3. Photographs, videos or other electronic media relating to or depicting the trafficking or distribution of illegal drugs, including, but not limited to:  firearms, bulk cash, illegal drugs, associates or other coconspirators, homes or potential stash houses.

4. Financial information, including, but not limited to, bank account information, wire transfer information, or other information in any form relating to the movement of currency or cash.

5. Evidence of user attribution, including any matter establishing indicia of ownership or use of the cellular telephones, including, but not limited to, photographs, videos, text messages, contacts, call history, logs, phonebooks, saved usernames and passwords, documents, and browsing history.

6. GPS history or applications that have map functions or provide driving directions, which may provide information relating to the location of stash houses or the locations of conspirators.

7. Records evidencing the use of any Internet Protocol address to communicate with any website, including records of Internet Protocol addresses used and records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.